OPINION of the Court, b\
Judge Owsley.
— Charles Mason, in i SO-f, made his will, and after direcnng his debts and funeral expenses to be paid, bequeathed to his wife Polly Mason 1500 pounds, his black mare and his household furniture ; and by a further bequest ordered that all his slaves, filtren in number, should be hired out until the sum given to his wife should be raised, after the sale of his stock of all kinds and personal estate to the best advantage, and then he willed the said slaves, describing them specially by name, and their offspring, to be free. After making this will the testator purchased two slaves, Charles and Harry ; and the only point presented for the determination of this court is, do these after purchased slaves pass by the will ? We are of opinion they do no*. It is true had the testator intended to dispose of all rhe slaves of which he might be possessed at his death, and had used language by which that intention would be inferred, the slaves in question would pass by the will. But notwithstanding he might have disposed of those slaves, from a correct construction of the will we think it mani est he did not intend to dispose of such as he might thereafter acquire. *449 He certainly did not intend the legacy given to his wife should be raised out of the sale of such slaves^: for when speaking on that subject, he directs the legacy to be raised by the sale of his stock of all kinds arid personal estate, and the hire of his négroés, which he thereafter in his will emancipated f and it cannot be supposed he intended slaves to be embraced in the expression personal estate, when in other parts of his will he usái different expressions in disposing of his slaves. , And it is moreover evident the slaves in (Question aré not inclu-déd in the provision of the will whereby the testator emancipates his slaves : for in that provision the slaves intended to be emancipated are described as being fifteen in number, and specially named. There is then no special provision in the will wherein those slaves can by any fair construction be included, and there is no general provision from which the testator’s intention to dispose of them can possibly be inferred. They rriust therefore be considered as part of the testator’s estate undisposed of by his will, and consequently iriüst descend as if no will had been made.
The bill of the appellants, therefore, who claimed the négroés as the heirs at law to the testator, should h'avé been sustained, unless their right to relief is repelled by some latent equity oh the part of the appellees. This, however, from any thing apparent iri the cause, is riot shewn. It is clear froth the admissions contained in the appellees’ answer, that a sale of the negroes in question was not necessary for the purpose of paying the testator’s debts. Lhe executors, therefore, in selling the negroes exceeded the authority given them by the Will, and violated the express provisions of the lav; : and as one of the executors was the purchaser of the negrioeá at the illegal sale so made by the executors, it is clear the appellants’ right to the negroes cannot be prejudiced thereby. It results then that the appellants are entitled to' the negroes and compensation fór their services during the time they have been withheld by the executors, arid that the decree of the court below should have been iriade accordingly.
The decree of that court must therefore be reversed with costs, the cause remanded to that Court arid a decree there entered according to the principles of this opinion.